Justice.
The sole question in this cause is, whether the Governor, or the Corporation of the City of Philadelphia, has the power of appointing the Clerk of the Mayor’s Court ? This rests on the true construction of the Act of Assembly, of the 11th March 1789, incorporating the City; and of the State Constitution, agreed to in Convention, on the 2d of September 1790. By the old Constitution of 1776, the Supreme Executive Council had the right of appointing all officers, civil and military, unless those chosen by the Legislature, or reserved to the people at large. The Act of Assembly of the 4th of April 1785, confirms this right in express words, in pursuance of the previous resolves of the Council of Censors. Under the act of Assembly of May the 14, 1776, the powers of the Mayor, Recorder and Aldermen, were vested in the justices of the City court, and the Supreme Executive Council appointed the Clerks of the Court. It, therefore, appears evident to us, that unless an exception is plainly made, the right of the appointment must be vested in the Governor, as the Supreme Executive power. By the II. Art. of the Constitution of 1790, sect. 8, the Governor is to appoint all officers, whose offices are established by the Constitution, or which shall be established by law, not otherwise specially provided for. By the Act of Incorporation, sect. 39, it is declared “ that for the well-governing of the said City, and the ordering of the affairs thereof, there shall be such other officers therein, with such salaries as the Mayor, Recorder, and Aldermen shall direct, &c.” This clause, it is said, vests the right of appointing the City Clerk in the Corporation at large. But we think it evidently relates to officers necessary for conducting and managing the internal police of the City—to salary officers, who shall receive a compensation, stipulated by the Common Council for their services: It cannot, in our opinion, apply to the office of the Clerk of the City Court, whose duties are analogous to those of the Clerks of the Sessions, in the Counties of the State, and who are appointed by the Governor.
*188 Our opinion, therefore is, that the power in question, rests with the Governor, agreeably to the true intent of the Constitution.*

 Though indisposition prevented the attendance of the Chief Justice, he had prepared the draft of an opinion, of which the following is a copy.
M'Kean, Chief Justice. This case was argued last Term by the Attorney General in behalf of the plaintiff, and Mr. Tilghman in behalf of the defendant, and was held by the Court under advisement until this Term, not on account of any difficulty in it, but because the court rose soon after, and a respect was due to the dignity of the parties interested in the question.
The sole point is, whether the Governor of Pennsylvania, or the Mayor, Recorder and Aldermen, or Corporation, of the City of Philadelphia, has the legal power to appoint and commission the Clerk of the Mayor’s Court, for the City of Philadelphia ? The solution of this question depends on the present Constitution and laws of Pennsylvania. We cannot be guided by the laws or usage of Great Britain, with respect to the appointment of Clerks, or Officers of Courts of Record there, however we may approve them in this particular.
In the act entitled, " An act to incorporate the City of Philadelphia,” passed the 11th March 1789, the office of Clerk is not mentioned by name ; but such an officer is necessary to a Court of Record, and by the common law it is incidental to such a Court to appoint such an officer. Besides, by the 39th section of that act, the Corporation have an express power given them to appoint all such officers as they shall think necessary for the well governing of the city, and the ordering of the affairs thereof. It is now unnecessary to enquire, whether this section militated with the constitutional powers of the Supreme Executive Council, or a former legislative construction of them, as we must be governed by the present Constitution.
By the first section of the second article of the Constitution, “The Supreme Executive power of this Commonwealth is vested in the Governor.” By the 8th section of the same article, “ He shall appoint all officers, whose offices are established by that Constitution, or shall be established by law, and whose appointments are not therein otherwise provided for.” In the VI. Art. sect. 4, “all commissions shall be in the name and by the authority of the commonwealth of Pennsylvania, and be sealed with the State Seal, and signed by the Governor; and by the 5th sec. of the same article, “ the Treasurer is to be appointed by the members of both houses.” “All other officers in the Treasury Department, Attornies at Law, Election Officers, Officers relating to Taxes, to the Poor and Highways, Constables and other Township officers, shall be appointed in such manner as is, or shall be, directed by law.” Here then is an enumeration of the officers whose appointments shall be, or may be, made otherwise than by the Governor, and this is the only provision in the Constitution which limits his *189 authority of appointing to office. The Clerk of the Mayor’s Court is a public officer; he is concerned in the administration of justice, and resembles in all respects the Clerk or Prothonotary of the Supreme Court, and of the courts of Common Pleas, Quarter Sessions and Orphans courts, all of whom are appointed by the Governor; and what reason can be assigned for his being appointed otherwise, which will not equally apply to them ? All commissions must be signed by the Governor, and run in the name of the Commonwealth. We need not here investigate the distinction between officers that may be appointed without commissions, and those who are to be commissioned; as the Clerk of the Mayor’s Court comes under the latter class, as much as the clerk of any other court. Perhaps it might have been better, if the courts of justice had been impowered respectively to appoint their own clerks; it would have been more agreeable to the usage in England and most of the American States ; but the Convention have thought otherwise.
On the whole, I am of opinion, that the Governor has the legal power to appoint and commission the Clerk of the Mayor’s Court for the city of Philadelphia, and that judgment be given for the plaintiff.